**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JAMES V. FRAZIER, #06283-090      &ast;
                                                          &ast;      Civil Action No. RDB-13-1737
Petitioner                                            &ast;
                                                          &ast;
v                                                          &ast;
                                                          &ast;
WARDEN C. ADMAS                          &ast;
                                                          &ast;
Respondent                                        &ast;
                                                          &ast;

## MEMORANDUM OPINION

Before this Court is a 28 U.S.C. §2241 Petition for Writ of Habeas Corpus filed by James

V. Frazier, a self-represented federal prisoner incarcerated at FCI-Cumberland, Maryland.

Frazier is challenging his sentence imposed in the United States District Court for the Western

District of Wisconsin for possession with intent to distribute cocaine base. Frazier's court records

demonstrate that challenged his judgment of conviction in a Motion to Vacate under 28 U.S.C.

2255 filed in the Western District of Wisconsin on November 22, 2010. That Motion was

denied on March 16, 2011. [1] For reasons to follow, this Court concludes the instant Petition is

properly construed under 28 U.S.C. § 2255, and it will be dismissed without prejudice for lack of

jurisdiction.

The threshold question presented is whether Petitioner's claims are properly raised in a

§ 224 motion. A § 2241 petition attacks the manner in which a sentence is executed, and

generally must be filed in the district court of the district where a petitioner is in custody. *See* 28

U.S.C. § 2241(a); *Braden v. 30th Judicial Circuit*, 410 U.S. 484, 495-500 (1973). A Motion to

Vacate, Set Aside or Correct under 28 U.S.C. § 2255 challenges the validity of a conviction or

---

[1] *See United States v. James Frazier*, 06-cr-221-bbc, 10-cv-732-bbc (W.D.WI.);
https://ecf.wiwd.uscourts.gov/doc1/20513647116

sentence. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (*en banc*). Further, a § 2255 motion must be brought in the court which imposed the sentence. *See* 28 U.S.C. § 2255. As noted, Petitioner was sentenced in the United States District Court for the Western District of Wisconsin.

This Motion alleges improper imposition of enhancements at sentencing. Specifically, Petitioner argues the wrong sentencing guidelines were used and he was improperly sentenced as a career offender. As such, the Motion clearly challenges the validity of the sentence imposed and is properly construed pursuant to 28 U.S.C. §2255. Regardless of the label used by Petitioner, the subject matter of the Motion, and not its title, determines its status. *See e.g., Calderon v. Thompson*, 523 U.S. 538, 554 (1998).

Although a federal prisoner generally may not seek collateral relief from a conviction or sentence by way of §2241, there is an exception under the so-called "savings clause" in § 2255.[2] It provides a prisoner may seek relief under §2241 if the remedy under §2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. §2255. In *Jones*, the United States Court of Appeals for the Fourth Circuit held that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the

---

[2]28 U.S.C. §2255 provides in relevant part:
> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *Jones* 226 F.3d 333-34. Petitioner does not satisfied the criteria set forth in *Jones* for demonstrating that a § 2255 petition is an inadequate or ineffective remedy. Further, a § 2255 motion is neither inadequate nor ineffective merely because an individual is unable to obtain relief under that provision. *See Jones*, 226 F.3d at 333; *Vial,* 115 F.3d at 1194 n. 5. A §2241 habeas petition is not available to circumvent the statutory limitations imposed on second or successive §2255 motions.[3] *See id.*

Accordingly, this Court will dismiss the Motion, construed under 28 U.S.C. § 2255, without prejudice for lack of jurisdiction. This Court declines to issue a Certificate of Appealability. A separate Order consistent with this Memorandum Opinion follows.

____July 1, 2013_____      ____/s/_____
Date                  RICHARD D. BENNETT
                   UNITED STATES DISTRICT JUDGE

---

3  Petitioner may request pre-filing authorization for a successive or second § 2255 motion. For further information, Petitioner may contact the United States Court of Appeals for the Seventh Circuit at: Clerk's Office, U.S. Court of Appeals, Room 2722, 219 S. Dearborn Street, Chicago, Illinois 60604.